UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**MEDHEALTH SUPPLIERS & PROVIDERS INC. D/B/A EVERGREEN PLACE, EVERGREEN PLACE 2, AND BEDFORD HOME**, a Michigan corporation; and **ROSELINE ROWAN**, an individual,<br><br>Defendants | Civil Action No.: 24-CV-311 |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA" or "Act"), Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin and restrain the Defendants Medhealth Suppliers & Providers Inc. d/b/a Evergreen Place, Evergreen Place 2, and Bedford Home, a Michigan corporation (hereinafter "Medhealth") and Roseline Rowan, an individual (collectively, "Defendants") from violating Sections 206, 207, 211, 215(a)(2), and 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

1

The Acting Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Acting Secretary's investigation reviewed Defendants' employment and pay practices from October 10, 2021 through January 9, 2023 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant Medhealth is a corporation within this Court's jurisdiction with a corporate office at 4048 Winward Drive, Lansing, Michigan 48911, Eaton County, where it conducts business.

4. Medhealth operated three group homes during the Investigation Period for individuals with mental and physical disabilities.

5. Medhealth is a renter/owner of three group homes: Evergreen Place and Evergreen Place 2 are rented by Medhealth, and the Bedford Home has been owned by Medhealth since before the Investigation Period.

6. Medhealth assists residents with activities instrumental to daily living, through Medhealth's employees.

2

7.     Defendant Roseline Rowan actively managed and supervised Medhealth's operations and its employees during the Investigation Period. Defendant Roseline Rowan owns 100% of Medhealth, pays for the group home rent and maintenance, is the only manager of the Medhealth, and is involved in the daily management of the group homes. Further, Roseline Rowan hires and fires employees, set their work schedules, organizes payroll, and sets employees' pay rates.

8.     Roseline Rowan has acted directly or indirectly in Medhealth's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

9.     During the Investigation Period, Defendants engaged in business within Eaton County, within this Court's jurisdiction.

**The FLSA Applies to Defendants**

10.    Medhealth is a covered "enterprise" under the FLSA because it is "an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution." 29 U.S.C. § 203(s)(1)(B).

11.    Medhealth is an enterprise and medical institution that provides in-patient care at homes under its ownership or rental agreement. None of the homes are privately owned by the residents or family members of the residents. 29 U.S.C. § 203(s)(1)(B).

3

12. As a matter of economic reality, Defendants' workers were economically dependent upon Medhealth and were not in business for themselves because, among other things:

    a. Defendants assigned Medhealth employees' work schedules.

    b. Defendants set guidelines for performing work.

    c. Defendants set Medhealth employees' rate of pay without any negotiation.

    d. Medhealth employees did not make any financial investment for equipment or materials to do their work.

    e. Medhealth employees performed work integral to Defendants' business.

    f. Medhealth employees worked exclusively for Defendants.

    g. Medhealth employees lacked any opportunity for profit or loss.

    h. Medhealth employees performed work requiring limited skill and initiative.

    i. No Medhealth employees held themselves out as a separate business entity, advertised services, or carried liability insurance.

### FLSA Violations

13. Defendants repeatedly violated Sections 206 and 215(a)(2) of the FLSA when they failed to pay their employees at least $7.25 per hour.

    a.    Defendants failed to pay at least the federal minimum wage for all hours worked for the compensation of live-in employees. When employees' weekly compensation was divided by hours worked, Defendants regularly failed to pay at least $7.25 per hour.

14.    Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

    a.    Defendants failed to compensate certain employees for hours worked in excess of 40 in a workweek at rates not less than one and one-half times their regular rates.

15.    Defendants repeatedly violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516. Defendants do not maintain accurate and original timekeeping, payroll, and employee listing records.

    a.    Defendants provided an incomplete employee list and substantially incomplete payroll records.

    b.    Further, Defendants were unable to provide any timesheets recording employees' hours worked for the subject period.

## Remedies Sought

16.    As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c),

217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

17. Defendants may also owe additional back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Acting Secretary.

## Prayer for Relief

As a result of Defendants' repeated FLSA violations, the Acting Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 206, 207, 211, 215(a)(2), and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid minimum and overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Acting Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest

computed at the underpayment rate established by the Acting Secretary of the Treasury under 26 U.S.C. § 6621.

    D.     Providing such other relief as may be necessary and appropriate.

    E.     Awarding costs and granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

_/s/Lydia J. Faklis_
**LYDIA J. FAKLIS**
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-6992
faklis.lydia.j@dol.gov

*Attorneys for Plaintiff Julie A. Su,*
*Acting Secretary of Labor, United States*
*Department of Labor*

LOCAL COUNSEL:

Mark A. Totten
United States Attorney
Western District of Michigan

Kalen H. Pruss
Assistant United States Attorney
Western District of Michigan
330 Ionia Avenue NW, Suite 501
Grand Rapids, Michigan 49503
616-808-2104
kalen.pruss@usdoj.gov

Exhibit A

| **Worker's Name** |
|---|
| K. Warner |
| E. Ellsworth |
| E. Cooper |
| A. Arnett |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Acting Secretary's Complaint and Exhibit A were served upon all parties in the above entitled and numbered cause by providing a copy via email with a read receipt requested:

                        Roseline Rowan
                        4048 Windward Drive
                        Lansing, MI, 48911
                        rosyrowan@gmail.com
                        evergreenafc@yahoo.com

Certified this 26th day of March, 2024

                        */s/ Lydia J. Faklis*
                        **LYDIA J. FAKLIS**
                        Attorney