UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **MEDHEALTH SUPPLIERS & PROVIDERS INC. D/B/A EVERGREEN PLACE, EVERGREEN PLACE 2,** and **BEDFORD HOME**, a Michigan corporation; and **ROSELINE ROWAN**, an individual, <br><br> Defendants. | Civil Action No.: 24-cv-00311-JMB-SJB <br> Hon. Jane M. Beckering |

**MEMORANDUM OF LAW IN SUPPORT OF ACTING SECRETARY'S AMENDED MOTION TO APPROVE CONSENT JUDGMENT AND ORDER**

Plaintiff **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary"), submits this memorandum of law in support of the Secretary's Motion to Approve the parties' signed Amended Consent Judgment and Order.

**BACKGROUND**

On March 26, 2024, the Acting Secretary filed a Complaint against Defendants **MEDHEALTH SUPPLIERS & PROVIDERS INC. d/b/a EVERGREEN PLACE, EVERGREEN PLACE 2,** and **BEDFORD HOME** a Michigan corporation and **ROSELINE ROWAN**, an individual (collectively, "Defendants"), for violations of the Fair Labor Standards Act ("the Act") §§ 206, 207, 211, 215(a)(2) and 215(a)(5) to recover unpaid minimum wages and an equal amount in liquidated damages pursuant to § 216(c) for Defendants' employees. (ECF 1). The Acting Secretary and Defendants have resolved this matter as set forth in the Amended

1

Consent Judgment and seek the Court's approval and entry of that judgment. For the reasons set forth below, the Acting Secretary respectfully requests the Court approve the Amended Consent Judgment and Order.

For the reasons set forth below, the Acting Secretary respectfully requests the Court approve the parties' signed Amended Consent Judgment and Order.

## ARGUMENT

When reviewed by courts, consent judgments are "cloaked with a presumption of validity," and there is a general policy of supporting voluntary settlements. *U.S. v. Grand Rapids, Mich.*, 166 F.Supp. 2d 1213, 1219 (W.D. Mich. Aug. 11, 2000); *see also Dalley v. Mich. Blue Cross/Blue Shield, Inc.*, 612 F. Supp. 1444 (E.D. Mich. June 26, 1985). While "the court must not rubberstamp the agreement, but also must not substitute its own judgment for that of the parties to the decree." *U.S. v. Cty. Of Muskegon*, 33 F. Supp. 2d 614, 620–21 (W.D. Mich. Dec. 16, 1998), *aff'd,* 298 F.3d 569 (6th Cir. 2002) (citing *U.S. v. Akzo Coatings of Am., Inc.,* 949 F.2d 1409, 1435 (6th Cir. 1991)); *U.S. v. Jones & Laughlin Steel Corp.,* 804 F.2d 348 (6th Cir. 1986)). The general standard of review for a proposed consent judgment involving an enforcement agency, such as the Department of Labor, is whether the consent judgment is fair, reasonable, and consistent with the statute. *Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865, 872 (6th Cir. 2015); *U.S. v. Lexington-Fayette Urban County Gov't*, 591 F.3d 484, 489 (6th Cir. 2010); *U.S. v. Jones & Laughlin Steel Corp.*, 804 F.2d 348, 351 (6th Cir. 1986); *Potris v. Sec'y of Dep't of Homeland Sec.*, 161 F.Supp.3d 534 (E.D. Mich. Dec. 18, 2015). When a proposed consent judgment includes injunctive relief, courts must also find the "public interest would not be disserved." *S.E.C. v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014) (quoting *eBay, Inc. v. MercExchange*, 547 U.S. 388, 391 (2006)).

The District Court also has authority to maintain jurisdiction over the case for the purposes of enforcing compliance with the order. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-81 (1994) (a district court can retain jurisdiction to enforce a settlement or consent agreement with the consent of the parties, provided it issues an order mandating compliance with the consent agreement).

As demonstrated below, the parties' proposed Amended Consent Judgment and Order (attached as Exhibit 1) in the present case is fair, reasonable, consistent with the statute, and it serves a public purpose.

## I. The Terms of the Proposed Amended Consent Judgment and Order are Fair to Both Parties.

To determine the fairness of a consent order and judgment, courts have considered several factors: "the strength of the plaintiff's case, the good faith efforts of the negotiators, the opinions of counsel, and the possible risks involved in the litigation if the settlement is not approved." *Lexington-Fayette Urban County Gov't*, 591 F.3d at 489 (quoting *Jones & Laughlin Steel Corp.*, 804 F.2d at 351). Here, parties, represented by counsel, assert that the proposed Amended Consent Judgment and Order is the result of good faith settlement negotiations, and they are satisfied with the final terms set forth in the Amended Consent Judgment and Order. Additionally, if the case were to proceed to trial where the facts became more fully developed in favor of the Acting Secretary, Defendants recognize the increased risk of additional back wages and damages if litigation continues. *Lexington-Fayette Urban County Gov't*, 804 F.2d at 489.

For the Acting Secretary, there is a risk of not being able to collect back wages from the individual Defendants. The proposed Amended Consent Judgment and Order satisfies the Acting Secretary's claims against the Defendants and requires Defendants to

comply with the terms of the proposed Amended Consent Judgment and Order because noncompliance violates the FLSA. The parties, represented by counsel, jointly signed the Consent Judgment and Order and represent that the proposed Consent Order is the result of good faith settlement negotiations. In sum, the proposed Amended Consent Judgment and Order is fair to both parties and provides an equitable resolution to the Acting Secretary's Complaint.

**II.     The Terms of the Proposed Consent Judgment and Order Reasonable and Tailored to the Specific Violation.**

Courts evaluating a proposed consent order and judgment for reasonableness have considered the following criteria: (1) the nature and extent of the issues; (2) the degree to which the remedy will adequately address the issues; (3) possible alternatives for remedying the issues; and (4) the extent to which the decree furthers the goals of the statute. *Akzo Coatings*, 949 F.2d at 1436 (involving a consent decree in the environmental context). "[T]he function of the reviewing court is not to substitute its judgment for that of the parties to the decree[,] but to assure itself that the terms of the decree are fair and adequate and are not unlawful, unreasonable, or against public policy." *United States v. Hooker Chems. & Plastics Corp.*, 540 F. Supp. 1067, 1072 (W.D.N.Y. Apr. 30, 1982). Here, the proposed Amended Consent Judgment and Order is reasonable because it resolves the Acting Secretary's actual claims alleged in the Complaint and serves the policy goals of the FLSA.

**1.     The Proposed Consent Judgment and Order Resolves the Claims in the Acting Secretary's Complaint.**

A consent judgment may be found reasonable if "the consent decree reflects a resolution of the actual claims in the complaint." *Citigroup*, 752 F.3d at 295. Here, the Acting Secretary seeks approval of an order finding Defendants liable for minimum wage violations

4

for Defendants' employees. The order also restrains Defendants from violating the provisions of Section 15 of the Act in any manner. The proposed Amended Consent Judgment and Order requires payment of $95,324.11 for back wages, plus liquidated damages of $95,324.11. The back wages and liquidated damages constituted the full payment of unpaid wages sought by the Acting Secretary in her Complaint. Therefore, the Amended Consent Judgment and Order resolves the Acting Secretary's claim for back wages under §§ 206, 207, and 215(a)(2).

   2. **The Proposed Consent Judgment and Order Furthers the Policy Goals of the FLSA.**

Congress enacted the FLSA with "broad remedial intent" to address "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 396 (6th Cir. 2017); 29 U.S.C. § 202(a). Congress also endeavored to accomplish these goals as rapidly as is practicable. *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015). To accomplish these goals, Congress provided the Department of Labor with the authority to seek remedial action against violators of the Act. 29 U.S.C. § 204. Here, the Acting Secretary is pursuing remedial action through the parties' proposed Consent Judgment and Order, obtaining unpaid compensation, and an agreement to prevent future FLSA violations.

The proposed Consent Judgment and Order furthers Congress' goals of quickly remedying work conditions that imposed detrimental minimum standards of living on employees. Through the proposed Consent Judgment and Order, Defendants have agreed to pay $95,324.14 in back wages—the full amount of unpaid back wages sought by the Acting Secretary in her Complaint—and liquidated damages of $95,324.14. The distribution of these back wages and liquidated damages to Defendants' employees represents the remedial action envisioned by Congress when drafting the FLSA. Defendants will also be enjoined from

5

future violations of the FLSA, furthering Congress' goals of maintaining the minimum wage and reasonable working conditions. Therefore, the parties' proposed Consent Judgment and Order furthers the goals of Congress and the FLSA.

### III. Enforcing the Proposed Amended Consent Judgment and Order is in the Public Interest.

Finally, when evaluating consent judgments, courts "must consider whether the decree is 'consistent with the public objectives sought to be attained by Congress.'" *Lexington-Fayette Urban County Gov't*, 591 F.3d at 490 (quoting *Williams v. Vukovich*, 720 F.2d 909, 923 (6th Cir. 1983)). An agreement to comply with the FLSA prevents the Defendants from improperly withholding wages from past and any potential future employees. The Consent Judgment and Order protects the economic public interest of fair competition and a healthy labor market by preventing minimum wage and overtime violations.

### CONCLUSION

For the foregoing reasons, the Acting Secretary submits the proposed Amended Consent Judgment and Order is fair, reasonable, and in the public interest. The Acting Secretary respectfully requests this Court approve the *Acting Secretary's Motion to Approve the Amended Consent Judgment and Order* and enter the Consent Judgment and Order

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/Lydia J. Faklis*
**LYDIA J. FAKLIS**
Trial Attorney
U.S. Department of Labor

6

Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-6992
faklis.lydia.j@dol.gov

*Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor*
LOCAL COUNSEL:

Mark A. Totten
United States Attorney
Western District of Michigan

Kalen H. Pruss
Assistant United States Attorney
Western District of Michigan
330 Ionia Avenue NW, Suite 501
Grand Rapids, Michigan 49503
616-808-2104
kalen.pruss@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Acting Secretary's Memorandum in Support* and related attachments were served upon all parties in the above entitled and numbered cause by providing a copy via email with a read receipt requested:

> Roseline Rowan
> 4048 Windward Drive
> Lansing, MI, 48911
> rosyrowan@gmail.com
> evergreenafc@yahoo.com

Certified this 3rd day of May, 2024

>  */s/ Lydia J. Faklis*
> **LYDIA J. FAKLIS**
> Attorney