UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE A. SU, Acting Secretary of Labor,  )
United States Department of Labor,       )
                                          )
        Plaintiff,                        )
                                          )
v.                                        ) Civil Action No.: 24-cv-00311
                                          )
MEDHEALTH SUPPLIERS &                     ) Judge Jane M. Beckering
PROVIDERS INC. D/B/A EVERGREEN            )
PLACE, EVERGREEN PLACE 2, AND             )
BEDFORD HOME, a Michigan                  )
corporation; and ROSELINE ROWAN, an       )
individual,                               )
        Defendants                        )
                                          )

## CONSENT ORDER AND JUDGMENT

Plaintiff, **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, ("Acting Secretary") has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendants Medhealth Suppliers & Providers Inc. d/b/a Evergreen Place, Evergreen Place 2, and Bedford Home, a Michigan corporation (hereinafter "Medhealth") and Roseline Rowan, an individual (collectively, "Defendants") waive formal service of process of the Summons and Complaint, waive their Answer and any defenses which they may have, and agree to the entry of this Consent Order and Judgment without contest.

1

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of the attorneys for the Acting Secretary and Defendants and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and are permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 206, and 215(a)(2), pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at rates less than $7.25 an hour, or any rate subsequently made applicable by amendment to the FLSA.

2. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at Medhealth, or at any business location owned, operated, and/or controlled by Defendants, including but not limited to Medhealth Suppliers & Providers Inc. d/b/a Evergreen Place, Evergreen Place 2, and Bedford Home, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

3. Defendants, including but not limited to Medhealth Suppliers & Providers Inc. d/b/a Evergreen Place, Evergreen Place 2, and Bedford Home, shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Medhealth, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Plaintiff. If

Defendants credit toward any employee's wages Defendants' reasonable cost of furnishing such employee with board, lodging, or other facilities, pursuant to 29 U.S.C. § 203(m), Defendants shall make, keep, and preserve all records required by 29 C.F.R. § 516.27.

4. Pursuant to 29 U.S.C. § 215(a)(3), Defendants, including but not limited to Medhealth Suppliers & Providers Inc. d/b/a Evergreen Place, Evergreen Place 2, and Bedford Home, shall not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages or engaged in any of the following activities:

a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

4

5. FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Acting Secretary and against Defendants in the total amount of $190,648.28 as set forth in Exhibit A.

6. The Acting Secretary shall recover from Defendants the sum of $95,324.14 in unpaid overtime and minimum wage compensation, covering the period from October 10, 2021 through January 9, 2023, for Defendants' current and former employees whose names are listed in the Exhibit A attached to the Complaint, and the additional sum of $95,324.14 in liquidated damages.

   a. At the time of Defendants' execution of this Consent Order and Judgment, Defendants have delivered an amount of $95,324.14 to the Acting Secretary as a first payment.

   b. Defendants shall also furnish to the Secretary the social security number and last known address for each employee named in Exhibit A.

   c. Defendants shall make a second payment of $31,774.71 on or before April 30, 2024.

   d. Defendants shall make a third payment of $31,774.71 on or before May 31, 2024.

   e. Defendants shall make their fourth and final payment of $31,774.72 on or before June 30, 2024.

   f. A 10 calendar-day grace period shall be allowed for receipt of each payment that is required. If Defendants fail to make any payment

within that 10 calendar-day grace period, all remaining installment payments shall become immediately due and payable, without presentment, demand, protest, or notice of any kind, all of which Defendants hereby expressly waive.

g. Representatives of the Acting Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Acting Secretary.

h. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Order and Judgment. Any such amount shall be immediately paid to the Acting Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

i. Any monies not disbursed by the Department of Labor after three years from the date of payment by Defendants, because of the inability to locate the proper persons or because of their refusal to accept

        payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

    j.    The provisions of this Consent Order and Judgment shall not in any way affect any legal right of any individual not named on Exhibit A of the Complaint, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A of the Complaint to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

7.    Should Defendants fail to make any of the installments referenced in paragraph 6 above on or before the due dates stated, any defaulted balance shall be subject to the assessment of interest and penalty at rates determined by the U.S. Treasury as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134) published by the Secretary of the Treasury in the Federal Register, and other delinquent charges and administrative costs shall also be assessed. In the event of default, the Acting Secretary intends to pursue enforcement of this agreement and/or any additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

8.    By entering into this Consent Judgment, Plaintiff does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil

money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

Dated this __3rd__ day of __May__, 2024.

                                                  __/s/ Jane M. Beckering__
                                                Jane M. Beckering
                                                United States District Judge

Entry of this judgment is hereby consented to:

**For Defendants:**

Date: May 2, 2024

**MEDHEALTH SUPPLIERS & PROVIDERS INC. d/b/a EVERGREEN PLACE, EVERGREEN PLACE 2, and BEDFORD HOME**

*[signature]*

Its President/Owner and attorney for MEDHEALTH SUPPLIERS & PROVIDERS INC. d/b/a EVERGREEN PLACE, EVERGREEN PLACE 2, and BEDFORD HOME

*[signature]*

ROSELINE ROWAN, Individually

*Defendants*

**For Plaintiffs:**

Date: 5/2/2024

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/Lydia J. Faklis

**LYDIA J. FAKLIS**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-6992
faklis.lydia.j@dol.gov

*Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor*

LOCAL COUNSEL:

Mark A. Totten
United States Attorney
Western District of Michigan

Kalen H. Pruss
Assistant United States Attorney
Western District of Michigan
330 Ionia Avenue NW, Suite 501
Grand Rapids, Michigan 49503
616-808-2104
Kalen.pruss@usdoj.gov

Exhibit A[1]

| Worker's Name | Back Wages | Liquidated Damages | Total |
|---|---|---|---|
| K. Warner | $12,839.49 | $12,839.49 | $25,678.98 |
| E. Ellsworth | $24,538.59 | $24,538.59 | $49,077.18 |
| E. Cooper | $31,195.25 | $31,195.25 | $62,390.50 |
| A. Arnett | $26,750.81 | $26,750.81 | $53,501.62 |
| Total: | $95,324.14 | $95,324.14 | $190,648.28 |

---

[1] Employees' names have been redacted for privacy reasons. Defendants acknowledge receiving employees' full names.